IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01554-PAB

LEZLY MARIANA DAVILA NINO,

     Petitioner,

v.

DIRECTOR AURORA ICE PROCESSING CENTER,

     Respondent.

---

**ORDER**

---

This matter comes before the Court on petitioner Lezly Mariana Davila Nino's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  Docket No. 1.  Respondent filed a response. Docket No. 12.

**I. BACKGROUND**[1]

Petitioner is a citizen and native of Columbia.  Docket No. 12-1 at 3.  Petitioner was apprehended by immigration authorities on August 21, 2024, shortly after she entered the United States without inspection or admission.  *Id*.  On August 24, 2024, petitioner was transferred to the custody of Immigration and Customs Enforcement ("ICE").  *Id.*

On September 6, 2024, the government issued a Notice to Appear ("NTA") and initiated removal proceedings under 8 U.S.C. § 1229a before the Executive Office for Immigration Review ("EOIR").  *Id.*  The NTA charged petitioner with being inadmissible

---

[1] The following facts are undisputed unless otherwise noted.

to the United States pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) (alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated) and 8 U.S.C. § 1182(a)(7)(A)(i)(I) (immigrant who, at the time of application for admission, is not in possession of a valid, unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document). *Id.*

On September 11, 2024, petitioner was released from custody and enrolled in ICE's Alternatives to Detention ("ATD") program.  *Id.* at 4.

On November 20, 2025, petitioner appeared before the immigration judge for a hearing in removal proceedings. *Id.* Petitioner admitted the allegations and charges in the NTA.  *Id.*

On January 13, 2026, petitioner filed with the EOIR an Application for Asylum and for Withholding of Removal.  *Id.*

On January 20, 2026, petitioner was arrested by ICE officers and detained pending resolution of removal proceedings.  *Id.*  Petitioner's enrollment in ATD was terminated.  *Id.*

On January 30, 2026, the government filed a motion to pretermit petitioner's Application for Asylum and for Withholding of Removal pursuant to Asylum Cooperative Agreements with Ecuador and Honduras.[2]  *Id.*  On February 11, 2026, the

---

[2] Pursuant to 8 U.S.C. § 1158(a)(2)(A), an alien is not eligible to seek asylum in the United States if the alien may be removed pursuant to a bilateral or multilateral agreement to a country where the alien's life or freedom would not be threatened on account of a protected ground and the alien would have access to a full and fair

immigration judge ordered petitioner to file any objections to the government's motion by her next hearing scheduled on March 5, 2026. *Id.* No hearing was held on March 5, 2026. *Id.*

On March 19, 2026, petitioner's case was scheduled for an individual hearing on April 8, 2026. *Id.* at 5. On March 23, 2026, the immigration judge ordered petitioner to respond to the government's motion to pretermit by April 2, 2026. *Id.* Petitioner was warned that the motion would be deemed unopposed if she did not respond. *Id.*

On April 7, 2026, the immigration judge issued an order granting the government's motion to pretermit petitioner's Application for Asylum and for Withholding of Removal and ordered petitioner removed to Ecuador or in the alternative Honduras. *Id.* The immigration judge noted that petitioner failed to file a response to the government's motion. *Id.*

Petitioner did not file an appeal to the Board of Immigration Appeals. *Id.* As a result, the order of removal became administratively final on May 7, 2026. *Id.* ICE is currently pursuing petitioner's removal to Ecuador. *Id.*

On April 13, 2026, petitioner filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Docket No. 1. Petitioner asserts she has "been held in custody for an extended period without a meaningful opportunity to challenge the necessity of [her] detention before a neutral decision-maker." *Id.* at 2. Petitioner further asserts that her "prolonged detention, without proper review, is excessive and

---

procedure for determining a claim to asylum or equivalent protection.

inconsistent with fundamental principles of fairness and due process." *Id.* As relief, petitioner seeks immediate release or, in the alternative, an order directing the government to provide a prompt, individualized bond hearing before a neutral decision-maker where the government bears the burden of justifying her continued detention. *Id.* at 4.

## II. ANALYSIS

The Court must construe the Application liberally because petitioner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The statutory authority to detain a noncitizen while removal proceedings are being adjudicated is found in either 8 U.S.C. §§ 1225 or 1226. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527-28, 533 (2021); *Jennings v. Rodriguez*, 583 U.S. 281, 287-89 (2018). The statutory authority to detain a noncitizen subject to a final order of removal is found in 8 U.S.C. § 1231. *See Munoz Teran v. Bondi*, 2026 WL 161527, at *6 (D.N.M. Jan. 21, 2026) ("Once an order of removal has become final, the authority governing a noncitizen's detention shifts [from §§ 1225 or 1226] to another statutory provision, 8 U.S.C. § 1231(a)(2).").

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). The removal period begins

on the latest of the following dates:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

After the 90-day removal period, ICE has discretion to detain inadmissible or criminal aliens. *See* 8 U.S.C. § 1231(a)(6).  However, detention of an alien subject to a final order of removal may not be indefinite and is presumptively reasonable for only six months.  *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).  After that, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id.*  But the presumption "does not mean that every alien not removed must be released after six months."  *Id.*  "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  *Id.*

As discussed above, the order directing petitioner's removal from the United States became administratively final on May 7, 2026. Thus, petitioner was not subject to a final order of removal at the time this action was filed and she was detained at that time pursuant to either 8 U.S.C. §§ 1225 or 1226.  Now, however, petitioner is subject to a final order of removal and is being detained pursuant to 8 U.S.C. § 1231.

Given that the 90-day removal period under § 1231 does not expire until August

5

5, 2026, petitioner's detention is mandatory and she cannot show a violation of her due process rights under *Zadvydas*. *See Zadvydas*, 533 U.S. at 682; *see S.H. v. Warden, Stewart Det. Ctr.*, 2022 WL 1280989, at *2 (M.D. Ga. Feb. 15, 2022) ("Because Petitioner filed his habeas application challenging his detention under § 1231(a) less than ninety days after he became detained pursuant to that provision, his claims are premature under both the ninety-day removal period and the *Zadvydas* presumptively reasonable six-month period.").

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Lezly Mariana Davila Nino's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 1] is **DENIED without prejudice**.

DATED June 26, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

6